UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

BOB WEISS,

                        Plaintiff

       – against –

BARC, INC.

                        Defendant.

------------------------------------------------x

**OPINION**

12 CV 7571 (TPG)

     *Pro se* plaintiff, Bob Weiss, brings this case against Barc Inc. ("Barc") alleging causes of action under federal and common law, claiming trademark infringement, unfair competition, and unjust enrichment. The complaint alleges that both Weiss's BARK mark and defendant's BARC mark are used in connection with online social networking services. Weiss claims that Barc's use of the BARC mark infringes on his trademark rights in BARK. Defendant Barc has moved to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(2) on the ground that this court lacks personal jurisdiction over Barc because its only contact with New York is operating a website accessible to anyone with an internet connection.

     The court grants the motion to dismiss for lack of personal jurisdiction.

1

**The Complaint**

The Parties

Weiss is an individual residing in New York and the registered owner of the BARK trademark.  Since 2007, Weiss has used the BARK name in connection with computer software services including "connecting social network users with businesses that study the patterns and behaviors of consumers." Para 7.  Weiss has also used the BARK mark to provide an online forum for users to share information including photo, audio, and video content about themselves, and receive feedback from peers.

The parties do not dispute that Barc is a corporation formed under the laws of California, with its principal place of business at San Diego, California. Barc operates a social networking site under the domain name www.barc.com, which Weiss alleges "is in direct competition with the services that Plaintiff offers under his BARK mark."  Barc describes its business as providing software that allows users of online digital media to share information, links, or communications with other users.

Causes of Action

Weiss brings four causes of action related to challenging BARC's use of the BARC name in connection with online services.  First, Weiss claims that under 15 U.S.C. §§ 1114-1116, the BARC mark infringed on Weiss's trademark rights in BARK.  Second, Weiss asserts a claim under 15 U.S.C. § 1125(a) for

unfair competition and false designation of origin.  Third, Weiss makes certain claims under the common law.

Jurisdiction

The complaint alleges two bases under which this court has personal jurisdiction over Barc.  The complaint claims that Barc "engages in continuous business activities in, and directed to the State of New York . . . by offering and providing online and computer related services via its website www.barc.com."  In addition, the complaint claims that Barc "has committed tortious acts aimed at and causing harm within the State of New York."

Legal Standard

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie showing that such jurisdiction exists.  Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006).  A proper prima facie showing requires the plaintiff to make "averment[s] of facts that if credited would suffice to establish jurisdiction over the defendant."  In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).  While the court presumes the truth of plaintiff's allegations for the purposes of the motion to dismiss, "mere conclusory allegations are insufficient to support a prima facie showing of personal jurisdiction."  Indem. Ins. Co. of N. Am. V. K-Line, Am. Inc., 06 CV 0615, 2007 WL 1732435, at *3 (S.D.N.Y. June 14, 2007).  In deciding a Rule 12(b)(2) motion, a court can "consider affidavits and documents submitted by parties without converting the motion into one for summary

3

judgment." ESI Inc. v. Coastal Corp., 61 F. Supp. 2d 35, 50 n.54 (S.D.N.Y. 1999).

Because this is a federal question case and the federal statute, the Lanham Act, does not provide for national service of process, the court applies the forum state's personal jurisdiction rules – New York.  PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997); see also 15 U.S.C. § 1051.

New York Personal Jurisdiction Rules

In determining whether New York law provides personal jurisdiction over Barc, this court must examine both whether BARC is subject to general jurisdiction under New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 301, or specific jurisdiction under N.Y. C.P.L.R. § 302.

General Jurisdiction - N.Y. C.P.L.R. § 301

According to N.Y. C.P.L.R. § 301, a court has general jurisdiction over a defendant who is "doing business" in the state, meaning that the in-state business activities are done "not occasionally or casually, but with a fair measure of permanence and continuity." Laufer v. Ostrow, 449 N.Y.S.2d 456, 458 (1982).

Courts consider five factors in determining whether a defendant is "doing business" within the state.  These factors include (1) whether the defendant maintains an office in the state; (2) whether the defendant has real estate or a bank account in the state; (3) whether the defendant has a phone listing in the state; (4) whether the defendant solicits or conducts marketing activities in the

4

state; and (5) whether the defendant has employees or agents permanently located in the state promoting its interests.  Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000).

Four of these factors weigh against finding that Barc is "doing business" in New York.  Barc is a company organized under the laws of California, with its only office in California.  Barc does not own, use, or possess any real property in New York, and does not have any bank accounts in the state.  There are also no employees or agents of Barc permanently located within New York promoting Barc's interests.  All of Barc's employees are located in California, except for one who temporarily resides in Georgia.

Regarding the final factor, whether Barc is soliciting business in New York, it is important to understand the current nature of Barc's business.  Barc does not currently collect any revenue.  The website is in the initial beta testing phase, where it is made available to a limited number of people for the purposes of testing and fixing any bugs in the service.  When fully operational, Barc states that it will provide web downloadable software, free of charge to internet users through its website.  The revenue is expected to come from licensing fees Barc will charge web site owners who incorporate Barc's software into their websites and from companies wishing to advertise on Barc's website.

Weiss makes no allegation that Barc is engaged in "substantial and continuous" solicitation of business in New York, aside from alleging that Barc maintains a website directed to New York and has registered users from the

5

New York area.  Weiss offers no basis for finding that Barc's website targets New York as opposed to being available to anyone with an internet connection, wherever located.  In fact, Weiss concedes that Barc's website and promotional materials are available to internet users worldwide.  The fact that Barc operates a website that is open to the public as a whole is insufficient to form the basis for personal jurisdiction under N.Y. C.P.L.R. § 301, particularly where there is no allegation that Barc receives any revenue from New York or specifically targets New York in any way.  See Holey Soles Holdings, Ltd. v. Foam Creations, Inc., No. 05 CV 6939, 2006 WL 1147963, at *4 (S.D.N.Y. May 1, 2006).

### Specific Jurisdiction - N.Y. C.P.L.R. § 302

N.Y. C.P.L.R. § 302 provides several additional bases in which a New York Court can obtain personal jurisdiction over a party.  There are two provisions relevant to this case.  Under § 302(a)(1) this court has personal jurisdiction over a party where the cause of action arises from the party transacting business within the state or contracting anywhere to supply goods or service in the state.  And § 302(a)(3) provides personal jurisdiction over a party where the cause of action arises from the party committing a tort outside New York which causes injury to person or property within the state if the party

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

6

>  (ii) expects or should reasonable expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

The other provisions of § 302 are inapplicable because, as discussed previously, there are no allegations that Barc regularly does or solicits business in New York, derives substantial revenue from interstate activities, or owns, uses, or possesses any real property in New York, and the alleged tort was not committed in New York.  See Citigroup, Inc. v. City Holding Co., 97 F. Supp. 2d 549, 567 (E.D.N.Y. 2000) (finding when web sites display infringing trademarks, the tort is committed where the web site is created or maintained).

### § 302(a)(1)- Operating a Website

Weiss primarily relies upon § 302(a)(1) to assert that this court has personal jurisdiction over Barc.  Specifically, Weiss claims that New York residents have registered as users of Barc's website.  In addition, Weiss argues that Barc and Weiss entered into a contract regarding Barc's use and registration of the BARC mark, and that this litigation arises from that contract.

In contrast to "doing business" under § 301, a single act of the right nature and quality can be sufficient to establish that a party has transacted business for purposes of § 302(a)(1).  Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996).  However, the transaction must be such that the defendant purposefully availed himself of the privilege of conducting activities in New York, thereby invoking the benefits and

7

protections of New York law.  Best Van Lines Inc., 490 F.3d 239, 253-54 (2d Cir. 2007).  In addition, the cause of action must "arise from the specific New York business transaction."  Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988).

Courts have found that where a website is directed at the entire United States with no evidence that defendants manifested the intent to specifically target New York or avail themselves of the benefits of New York law, there is no personal jurisdiction under C.P.L.R. § 302(a)(1).  Girl Scouts of U.S. v. Steir, 102 Fed. App'x 217, 219 (2d Cir. 2004).  The "mere solicitation of business within the state does not constitute the transaction of business within the state absent some other New York-directed activities."  Id. at 219-20.

In determining whether a non-domiciliary defendant's operation of a website is sufficiently connected to New York, courts use a "spectrum of interactivity" analysis.  See Royalty Network Inc. v. Dishant.com, LLC, 638 F.Supp.2d 410 (S.D.N.Y. 2009).  Passive websites are ones that are limited to making information available to users, and without more specific contact with New York there is no jurisdiction over the non-domiciliary defendant.  Id. Interactive websites knowingly transmit goods or services to users and if made available to New York residents, the activities can be sufficient for obtaining personal jurisdiction over a defendant.  Id.  In between are interactive websites that allow the exchange of information between users in another state and the

defendant.  Id.  For these types of websites jurisdiction depends on the level and nature of the exchange.  Id.

The current version of Barc's website is in the middle of this spectrum. It is not wholly passive because it is not limited to making information available.  But it is also not conducting traditional business over the internet because it is not selling goods or services, or charging membership fees to registered users.  See Capital Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 358 (S.D.N.Y. 2009).  The only connection Barc's website has to New York is it is available to its residents with an internet connection and some New York residents have registered through the website.  However, these allegations do not rise to the level of alleging that Barc has purposefully and knowingly entered into or sought transactions with New York residents.  See Royalty Network, Inc. v. Dischant.com, LLC, 638 F.Supp.2d 410, 420 (S.D.N.Y. 2009); Freeplay Music, Inc. v. Cox Radio Inc., No. 04 Civ. 5238, 2005 WL 1500896 (S.D.N.Y. March 4, 2005).

302(a)(1) – Contract

Weiss also maintains that personal jurisdiction over Barc is proper under 302(a)(2) because the suit arises out of a contract between Weiss and Barc.  In the contract Weiss and Barc entered into a trademark co-existence agreement which allowed Barc to use the BARC mark subject to certain limitations.

First, given that Weiss does not even mention this contract in its complaint, and is not suing on the basis of breach of contract, it is not clear

that this suit can be considered as arising out of the contract.  But even assuming there is a sufficient connection between the trademark infringement action and this contract, the contract does not provide sufficient basis for this court to exercise personal jurisdiction over Barc.

The factors courts look to in determining whether a contract suffices to provide personal jurisdiction over a non-domiciliary defendant are 1) whether the defendant has an on-going contractual relationship with a New York entity; 2) whether the contract was negotiated or executed in New York; 3) whether the defendant visited New York to meet with parties after the contract was executed; 4) whether the contract contains a choice-of-law provision; and 5) whether the contract requires the defendant to send notices or payments into New York.  <u>Agency Rent a Car Sys., Inc. v. Grand Rent A Car Corp.</u>, 98 F.3d 25, 29 (2d Cir. 1996).

There is arguably an ongoing contractual relationship between Barc in California and Weiss in New York, though this is not the typical ongoing relationship involving the exchange of goods or services.  Moreover, all other factors fail to support finding personal jurisdiction over Barc.  Weiss does not allege that the contract was negotiated or executed in New York.  Weiss alleges that Barc had discussions with Weiss, but never alleges Barc visited New York.  There is no choice of law provision in the contract, nothing in the contract requires Barc to send notices or payment to New York.

<u>§ 302(a)(3)</u>

10

This court also does not have personal jurisdiction over Barc pursuant to § 302(a)(3). As previously stated, Weiss fails to satisfy its burden in alleging that Barc regularly does or solicits business, or engages in any business in New York. Thus 302(a)(3)(i) does not provide personal jurisdiction. In addition, because Barc is currently not earning any revenue, 302(a)(3)(ii) also does not provide personal jurisdiction.

**Conclusion**

For the aforementioned reasons this court grants Barc's motion to dismiss for lack of personal jurisdiction.

SO ORDERED.

Dated: New York, New York
       May 29, 2013

_____
Thomas P. Griesa
U. S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/29/13

11